JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:22-cv-02200-ODW (MARx) | Date | November 28, 2022 |
|---|---|---|---|
| Title | *Great American Insurance Co. v. Fast Track Construction Corp. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings (In Chambers):**     **Order DISMISSING Case for Lack of Subject Matter Jurisdiction (Complete Diversity of Parties)**

     Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress, U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

     A complaint filed in federal court must contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But where a party contests, or the court questions, another party's allegations concerning the amount in controversy, both sides submit proof, and the court decides whether the party claiming jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). These same principles apply when a party or the court opens an inquiry into whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:22-cv-02200-ODW (MARx) | Date | November 28, 2022 |
|---|---|---|---|
| Title | *Great American Insurance Co. v. Fast Track Construction Corp. et al.* | | |

complete diversity exists. *See, e.g.*, *Verb Tech. Co. v. Baker & Hostetler LLP*, No. 2:21-cv-06500-ODW (MAAx), 2021 WL 4125207 (C.D. Cal. Sept. 9, 2021).

  Plaintiff alleges that the Court has subject matter jurisdiction over this action based on diversity jurisdiction. (Compl. ¶ 2, ECF No. 1.) On June 29, 2022, the Court ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause ("OSC"), ECF No. 19.) The Court expressly indicated its doubts regarding (1) complete diversity of the parties and (2) whether the amount in controversy exceeds $75,000. (*Id.*) The Court ordered Plaintiff, as the party asserting subject matter jurisdiction, to file a response, and the Court invited Defendants to file an optional reply. Plaintiff filed a Brief, (Br., ECF No. 20), and Defendants did not file a reply. The same day Plaintiff filed its brief, the parties filed a joint stipulation to continue the Rule 26(f) Scheduling Conference. (Stip., ECF No. 21.) In the Stipulation, the parties asked the Court to continue the Scheduling Conference to allow Defendant Richard Tyler "time to recover from his cancer treatment and to sell his residence" to "resolve and settle" Defendants' indemnity obligations to Plaintiff. (*Id.* at 3.) The Court granted the request and continued the Scheduling Conference to December 5, 2022. (Order re: Stip., ECF No. 23.) At that time, the Court did not dispose of or otherwise address the OSC regarding subject matter jurisdiction. The Court now does so.

  In the OSC, the Court made clear that it was opening "a dual-pronged inquiry into both the facial sufficiency of Plaintiff's jurisdictional allegations as well as the factual sufficiency of Plaintiff's demonstration of diversity jurisdiction, which the Court at that point "call[ed] on Plaintiff to make." (OSC 2 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014), and then citing *Dart Cherokee Basin*, 574 U.S. at 88–89).) In its Brief, Plaintiff points to its own Complaint, and the allegation that Plaintiff is a resident of Ohio, as the principal evidence that Plaintiff is a citizen of Ohio. (Br. 3.) Similarly, Plaintiff points to its own Complaint, and the allegations that Defendants are all residents of California, as the principal evidence that Defendants are citizens of California. (*Id.*)

  Plaintiff's showing is insufficient in several senses. First, Plaintiff's Complaint in this matter is not verified. (Compl. 19.) Thus, the allegations in the Complaint are not made under penalty of perjury, and thus, they are a nullity from an evidentiary perspective. Compounding this problem, Plaintiff provides no indication of its basis for its personal knowledge of the citizenship of Defendant. In simple terms, the Court asked Plaintiff to submit evidence of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:22-cv-02200-ODW (MARx) | Date | November 28, 2022 |
|---|---|---|---|
| Title | *Great American Insurance Co. v. Fast Track Construction Corp. et al.* | | |

citizenship of the parties, and Plaintiff did not submit such evidence.  For this reason, Plaintiff fails in its burden of making a factual demonstration of subject matter jurisdiction.

Second, and independently, Plaintiff merely alleged the residence of the individual Defendants, but the relevant inquiry is these parties' citizenship, which is where they are *domiciled*, not merely where they reside.  *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (an individual is a citizen of the state in which she is domiciled, that is, where she resides and intends to remain (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).  Plaintiff fails to provide the Court with information sufficient to verify the domicile of the individual Defendants.

Third, the allegations in the Complaint, even if true, provide an incomplete assessment of the citizenship of Defendant Fast Track Construction Corp., a corporation.  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) (quoting 28 U.S.C. § 1332(c)(1)).  Here, Plaintiff merely alleges that Fast Track Construction is incorporated under the laws of the State of California, and does not address where Fast Track Construction has its principal place of business.  Plaintiff fails in its burden because the Court cannot determine Fast Track Construction's citizenship based on the information Plaintiff provided.[1]

///

///

---

[1] Plaintiff requests judicial notice of the Ohio Secretary of State incorporation details for itself and the California Secretary of State Statement of Information for Fast Track Construction.  (Req. Judicial Notice, ECF No. 20-1.)  Although the Court **GRANTS** judicial notice of these two documents, the documents do not change the analysis.  As judicially noticeable documents, these documents show no more and no less than the fact that (1) each entity is formed under the laws of the respective state and (2) the entity informed the state of a particular business address.  Neither document provides any meaningful evidence of either entity's principal place of business.  *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) ("California district courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test.").  Finally, the Court does not rely on the document Plaintiffs designate as Exhibit C, and judicial notice of that document is accordingly **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | 2:22-cv-02200-ODW (MARx) | Date | November 28, 2022 |
|---|---|---|---|
| Title | *Great American Insurance Co. v. Fast Track Construction Corp. et al.* | | |

For these reasons, the Court finds that Plaintiff fails to demonstrate, by a preponderance of the evidence, that the parties are completely diverse in their citizenship. Accordingly, the case is **DISMISSED** for lack of subject matter jurisdiction. The Scheduling Conference and all pending dates and deadlines are **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED**.

: 00

Initials of Preparer    SE